UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENNAN SIMMONS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-118 RM |
| | ) | |
| FRANK CANARECCI, Sheriff, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Kennan Simmons, a prisoner at the Westville Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging that St. Joseph County Jail officials violated his federally protected rights while he was confined there. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7 th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Simmons brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Simmons alleges that St. Joseph County Jail officials operated several racially segregated housing units, and that other units were only marginally integrated. In his more definite statement, he has further advised the court that he was housed only in racially segregated units while he was at the jail.

A court must analyze all racial classifications imposed by government under the strict scrutiny standard. Adarand Consturctors, Inc. v. Pena, 515 U.S. 200, 227 (1995). Under this standard, government officials have the burden of proving that racial classifications "are narrowly tailored measures that further compelling governmental interests." Id. at

227. Prison or jail officials who racially segregate prisoners must justify their actions under the strict scrutiny standard. Johnson v. California, 543 U.S. 449 (2005).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir.), cert. denied, 525 U.S. 973 (1998). quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving Mr. Simmons the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that his racial segregation allegation states no claim upon which relief can be granted.

In his complaint, Mr. Simmons also complains that all trustees are black and do not get paid for their work. But in his more definite statement, in response to the question "[a]re members of other races working as or permitted to be trustees," Mr. Simmons responded "Yes. But its far more white's working than black because they don't trust Afro-American[s]." Mr. Simmons also stated in his more definite statement that he refused to be a trustee because they "don't get paid for daily work." Because members of all races can be trustees, being a trustee is voluntary not mandatory, and Mr. Simmons rejected the opportunity to work as trustee, his allegations state no claim upon which relief can be granted.

Mr. Simmons seeks damages from the defendants, including damages for "mental pain" and "anguish," for having been racially segregated at the jail.  But because he alleges no actual physical injury from the defendants' actions, Mr. Simmons may not seek damages for mental or emotional injury. "No Federal civil action may be brought by a prisoner

3

confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This section is entitled a "limitation on recovery," and is a clear effort to limit prisoners' ability to recover for mental and emotional distress, though they may still seek other forms of damages. Section 1997e(e), as the plain language of the statute suggests, "limits recovery 'for mental and emotional injury', but leaves unaffected claims for nominal and punitive damages, which seek to remedy a different type of injury." Calhoun v. Detella, 319 F.3d 936, 941 (7th Cir. 2003). (citations omitted). Accordingly, Mr. Simmons may not receive damages for "mental pain" and "anguish," and is limited to other forms of damages for any constitutional violation he may be able to prove.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the defendants for damages, other than damages for mental or emotional injury, on his Fourteenth Amendment equal protection claim that they racially segregated him while he was housed at the St. Joseph County Jail;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); DISMISSES all other claims, and DISMISSES his damage claim for mental and emotional injury;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on the defendants on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: September  13 , 2006

                        /s/ Robert L. Miller, Jr.
                        Chief Judge
                        United States District Court